```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
D.J., BY HIS MOTHER AND NATURAL GUARDIAN,                    COMPLAINT
STACYANN FAIRCLOUGH,
                                    Plaintiff,               JURY TRIAL
                                                             DEMANDED
        -against-

THE CITY OF NEW YORK, AND
SCHOOL SAFETY AGENT ADAM SIMPSON,

                                    Defendants.
--------------------------------------------------------------------------------X
```

Plaintiff, D.J., BY HIS MOTHER AND NATURAL GUARDIAN, STACYANN FAIRCLOUGH, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

1

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, D.J., is currently a resident of the County of New York, City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. The Defendant City of New York and the NYPD maintain the School Safety Division of the NYPD, a duly authorized public authority and/or school safety division of the NYPD, authorized to perform all functions of a police department and school safety department, acting under the direction and supervision of the aforementioned municipal corporations the Defendant City of New York and the NYPD.

10. At all times hereinafter mentioned, the individually named defendant, DEFENDANT SCHOOL SAFETY AGENT ADAM SIMPSON, was a duly sworn member of said

department and was acting under the supervision of said department and according to his official duties. DEFENDANT SCHOOL SAFETY AGENT ADAM SIMPSON is sued herein in his official and individual capacities. At all times hereinafter mentioned, DEFENDANT SCHOOL SAFETY AGENT ADAM SIMPSON was assigned to the School Safety Division of the NYPD.

11. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

14. On July 11, 2016 (the date of the incident alleged herein), Plaintiff, D.J., was a 16-year-old boy and student at Frederick Douglass Academy, located at 2581 Adam Clayton Powell, Jr., Boulevard, in the County, City, and State of New York.

15. On July 11, 2016, at approximately 2:00 p.m., a dean of Frederick Douglass Academy called Plaintiff's mother, Stacyann Fairclough, and told her that criminal charges had been filed against her son, the Plaintiff, D.J., and that D.J. was not allowed to return to school.

16. Understanding that any such criminal allegations would be false, Ms. Fairclough took her son to the stationhouse of the area local precinct on July 11, 2016 to inquire about the alleged criminal charges.

17. At the precinct, Plaintiff was arrested based on false allegations made by the Defendant, a school safety agent with the City of New York.

18. Plaintiff was not engaged in any suspicious or illegal activity that would have justified this arrest.

19. Nonetheless, Plaintiff was placed in handcuffs and was formally arrested.

20. Despite the absence of any evidence of wrongdoing on the part of the Plaintiff, Plaintiff was searched.

21. The search revealed no evidence of any guns, drugs or contraband.

22. At no time on July 11, 2016 did Plaintiff commit any crime or violation of law.

23. At no time on July 11, 2016 did Defendant possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

24. At no time on July 11, 2016 did Defendant possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff or to cause his arrest.

25. Nevertheless, Plaintiff remained in the custody of the NYPD, based solely on Defendant Simpson's false allegations, and was detained at the stationhouse, where he was photographed, fingerprinted, and processed.

26. Plaintiff was held for several hours at the stationhouse before she was transported to New York County Central Booking where she was held for several hours pursuant to false allegations made by the Defendant.

27. Plaintiff was eventually arraigned on a criminal complaint containing false allegations sworn to by Defendant Simpson.

28. Plaintiff was released from custody at his arraignment and was forced to return to court for several months before the charges against him were dismissed.

29. The Defendant provided knowingly false and misleading information to prosecutors at the New York County District Attorney's Office.

30. Defendant Simpson falsely informed the district attorney's office that Plaintiff, threatened him, causing Mr. Simpson to fear physical harm.

31. These and other statements were false and Defendant Simpson knew these statements were false when they were made.

32. Pursuant to Defendants' false allegations, Plaintiff was charged with one count of harassment in the second degree and one count of menacing in the second degree.

33. As a result of the foregoing, Plaintiff, D.J., sustained, *inter alia*, loss of liberty and deprivation of his constitutional rights.

34. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

35. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

36. The acts complained of were carried out by the aforementioned individual Defendant in his capacity as police officer and school safety agent with all of the actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual Defendant in his capacity as a school safety officer and police officer, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK, New York City Police Department, the New York City School Safety Division, all under the supervision of ranking

officers of said department and division.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF FOR
### FALSE ARREST
### UNDER 42 U.S.C. § 1983

39. Plaintiff D.J. repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

40. As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

41. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was falsely arrested without probable cause.

### SECOND CLAIM FOR RELIEF FOR
### DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

43. At no time did Defendant Simpson have any legal basis for commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

44. Defendant Simpson misrepresented and falsified evidence to the New York County District Attorney.

45. Defendant Simpson did not make a complete and full statement of facts to the District

Attorney.

46. Defendant Simpson withheld exculpatory evidence from the District Attorney.

47. Defendant Simpson was directly and actively involved in the initiation of criminal proceedings against Plaintiff.

48. Defendant Simpson lacked probable cause to initiate criminal proceedings against Plaintiff.

49. Defendant Simpson acted with malice in initiating criminal proceedings against Plaintiff.

50. Defendant Simpson directly and actively involved in the continuation of criminal proceedings against Plaintiff.

51. Defendant Simpson lacked probable cause to continue criminal proceedings against Plaintiff.

52. Defendant Simpson misrepresented and falsified evidence throughout all phases of the criminal proceedings against Plaintiff.

53. Notwithstanding the perjurious and fraudulent conduct of Defendant Simpson the criminal proceedings were terminated in Plaintiff's favor when his charges were dismissed.

54. By so doing, the individual Defendant, individually and collectively, subjected Plaintiff to fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

55. By reason thereof, the individual Defendant Simpson has violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of liberty, and the loss of his constitutional rights.

### THIRD CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

56. Plaintiff D.J. repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

57. Defendant fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the New York County District Attorney's Office.

58. As a result, Plaintiff suffered deprivation of his liberty, as he was required to make numerous court appearances to contest the false accusations against him.

59. As a result of the foregoing, Plaintiff's liberty was restricted, he was detained and falsely arrested, and maliciously prosecuted without probable cause.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

60. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

61. Defendants falsely arrested and used excessive force against plaintiff, in the absence of any legal justification to do so, notwithstanding their knowledge that said force and said arrest was unnecessary and unconstitutional, and would jeopardize Plaintiff's liberty, well-being, safety, and violate his constitutional rights.

62. The acts complained of were carried out by the aforementioned individual Defendant in his capacity as a school safety officer and official, with all actual and/or apparent authority attendant thereto.

63. The acts complained of were carried out by the aforementioned individual Defendant in his capacity as school safety officer and official pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

64. Those customs, policies, patterns, and practices include, but are not limited to:

      i.      failing to properly train school safety officers in how to interact with minors and students;

      ii.      requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

      iii.      failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

      iv.      failing to properly train school safety officers in the requirements of the United States Constitution.

65. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

      i.      using excessive force against minors and students;

      ii.      using force against minors and students where it is not necessary;

      iii.      falsifying evidence and testimony to support the use of excessive force and false arrest;

      iv.      falsifying evidence and testimony to cover up the misconduct of school safety officers.

66. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

67. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF

NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

69. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was falsely arrested, maliciously prosecuted, and denied his right to a fair trial.

70. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

71. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

72. All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       January 18, 2018

                              Respectfully submitted,

                              **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                              *Counsel for the Plaintiff*

                              /s/
              By:    JESSICA MASSIMI (JM-2920)
                     32 Old Slip, 8th Floor
                     New York, New York 10005
                     (212) 962-1020